

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# USA v. Folk

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Folk" (2006). *2006 Decisions*. Paper 1074.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1074

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3130

———————

UNITED STATES OF AMERICA

v.

BEATRICE FOLK,
                                                Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. 00-cr-00471-1
District Judge:  The Honorable Bruce W. Kauffman

———————

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2006

———————

Before: BARRY, SMITH and TASHIMA,[*] Circuit Judges

———————

(Opinion Filed: May 22, 2006)

———————

OPINION

———————

———————

   [*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Beatrice Folk pled guilty to conspiracy to possess methamphetamine with the intent to distribute and to the possession of methamphetamine with the intent to distribute. Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Folk was sentenced by the United States District Court for the Eastern District of Pennsylvania to seventy months in prison, the low end of the applicable Guidelines range.[1] She now appeals,[2] challenging the legality of the sentence in light of *Booker*.[3]

Applying the Supreme Court's decision in *Booker*, this Court, in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005), ruled that "[a]lthough plain error jurisprudence

---

[1] Folk benefitted from application of the "safety valve" provision found in U.S.S.G. § 5C1.2, which permitted the District Court to sentence below the applicable statutory minimum sentence of 120 months.

[2] Under Federal Rule of Appellate Procedure 4(b), a criminal defendant has ten days within which to file a notice of appeal from the later of the entry of the judgment or the filing of a government appeal. The judgment of sentence and commitment order was entered by the District Court on June 23, 2004, but Folk did not file her notice of appeal until July 23, 2004. On July 22, 2004, however, Folk filed an unopposed motion for an extension of time within which to file her notice of appeal. *See* Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."). On August 3, 2004, the District Court granted that motion *nunc pro tunc* through July 23, 2004. The appeal is, therefore, timely, and our jurisdiction over it arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] Folk also argues that the District Court erred in refusing to grant her a downward departure based upon familial circumstances.

generally places the burden on an appellant to demonstrate specific prejudice flowing from the District Court's error, in this context – where mandatory sentencing was governed by an erroneous scheme – prejudice can be presumed." *Id.* at 165. The appellate remedy for such an error is to vacate the sentence and remand for resentencing under an advisory Guidelines framework. *See id.*

As part of her plea agreement, however, Folk "voluntarily and expressly waive[d] all rights to appeal" her sentence.[4] We will enforce the waiver – the validity of which we review *de novo* – provided she "entered into [it] knowingly and voluntarily," and so long as it does not "work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001). If valid, the waiver deprives us of jurisdiction over the appeal. *See id.* at 563. The government argues that we must enforce the waiver. We agree.

Our decision in *United States v. Lockett*, 406 F.3d 207 (3d Cir. 2005) controls. There, we held "that where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of *Booker*." *Id.* at 214. That the Supreme Court would invalidate the mandatory Guidelines regime was "merely one of the risks that accompanie[d]" Folk's guilty plea and waiver of appeal. *Id.* ("The record reflects that Lockett knowingly and voluntarily bargained for his plea agreement. He cannot now ask to re-bargain the waiver of his right to appeal because of changes in the law."). In short,

---

[4] There were two exceptions to the waiver, neither of which is applicable here.

the "favorable change in the law," *id.*, does not call into question the voluntary and knowing nature of Folk's waiver of appeal. *See Khattak*, 273 F.3d at 561 (observing that "[w]aivers of the legal consequences of unknown future events are commonplace" and that their "prospective nature" does not "render a defendant's act unknowing") (citation and internal quotation marks omitted).[5]

Consequently, we are without jurisdiction and will dismiss the appeal.

---

[5] Nor does enforcement of the waiver, and the concomitant preservation of Folk's sentence at the low end of the then-mandatory Guidelines range, work "a miscarriage of justice." Folk contends the District Court would have imposed a lighter sentence but for the mandatory Guidelines. The District Court did, in fact, note its "limited discretion" to depart from the Guidelines and described this as a "very sad case." Those statements, at best, would only help Folk "demonstrate specific prejudice flowing from the District Court's error," *Davis*, 407 F.3d at 165. Pursuant to *Davis*, however, such prejudice is presumed, *id.*, and does not on its own, according to *Lockett*, render a waiver of appeal unenforceable.